## IN THE UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **B.L.,** a minor, | ) | Case No:   1:15-cv-01442-SL |
| brought by Bridgette Hereford, guardian | ) | |
| 15995 Neladale Road | ) | Judge Sara Lioi |
| East Cleveland, OH 44112 | ) | |
| | ) | **FIRST AMENDED COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **Jury Demand Endorsed Hereon** |
| **v.** | ) | |
| | ) | |
| **East Cleveland City School District,** | ) | |
| 1843 Stanwood Road | ) | |
| East Cleveland, OH 44112 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **East Cleveland Board of Education,** | ) | |
| 1843 Stanwood Road | ) | |
| East Cleveland, OH 44112 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Kimberly Trammell,** in her official & | ) | |
| individual capacity, | ) | |
| 3257 Washington Boulevard | ) | |
| Cleveland Heights, OH 44118 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes Plaintiff, by and through undersigned counsel, and pursuant to FRCP 15, submits his First Amended Complaint.

### PARTIES

1.     Plaintiff B.L. is a minor currently residing with his mother, Bridgette Hereford, at 15995 Neladale Road, East Cleveland, OH 44112.

2.      Defendant East Cleveland City School District (hereinafter "the District") is a political subdivision of the State of Ohio and has its principal place of business at 1843 Stanwood Road, East Cleveland, Ohio 44112.

3.      Defendant East Cleveland Board of Education (hereinafter "the Board"), with its principal place of business located at 1843 Stanwood Road, East Cleveland, Ohio 44112, is a public entity which, acting under color of law, is responsible for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for the District.

4.      Defendant Kimberly Trammell, who resides at 3257 Washington Boulevard, Cleveland Heights, Ohio 44118, was a public employee working as a principal for the District at Caledonia Elementary School ("Caledonia"), which is located at 914 Caledonia Road, Cleveland Heights, Ohio 44112.

## JURISDICTION

5.      The facts giving rise to this Complaint occurred in the county of Cuyahoga, Ohio, thereby making jurisdiction and venue proper in this Court.

## GENERAL ALLEGATIONS

6.      Plaintiff B.L. is an eight-year old student in the District.

7.      At all relevant times discussed herein, B.L. attended Caledonia.

8.       B.L. attends school under an individualized education program ("IEP") pursuant to the Individuals with Disabilities Education Act.

9.      Beginning in August 2012, Defendant Kimberly Trammell was the principal for Caledonia.

10.     Trammell was still the principal for Caledonia at the beginning of the 2014-2015 school year.

11.     As part of B.L.'s enrollment at Caledonia, he was placed in an Individual Education Program because of behavioral disabilities B.L. had been diagnosed with.

12.     At dismissal time on December 1, 2014, between approximately 3:05 − 3:10 p.m., B.L. was being provoked, if not attacked, by another student.

13.     B.L. and the provocateur child were separated when B.L. was taken back into his classroom.

14.     The provocateur child, however, returned to B.L.'s classroom to further provoke B.L.

15.     In an attempt to get away from the provocateur child, B.L. attempted to run out of the class room towards the front entrance of his school.

16.     As he reached the front door, B.L. was drug to the ground by the provocateur child.

17.     B.L. was very upset at the fact that he was drug to the ground and was being tormented and chased by the provocateur child.

18.     B.L. remained on the floor and screamed in dismay.

19.     Trammell made her way from her office to B.L.

20.     When Trammell reached B.L., she grabbed and dragged B.L., who was still laying on the ground, to her office.

21.     When Trammell reached her office, she then kicked B.L two separate times.

22.     The events of December 1, 2014, as delineated more fully *supra*, were recorded on school surveillance video.

23.     Tramell's actions are offensive and a shock to the conscience.

24.     Upon information and belief, and given the context of the situation, Trammell's actions were intended as a form of corporal punishment to discipline B.L.

25.     On December 3, 2014, the District and Board relieved Trammell of her duties, with pay and benefits, pending completion of the investigation into the December 1 incident.

26.     On December 18, 2014, it was indicated in writing by the District's superintendent that she was considering recommending Trammell's employment termination to the Board of Education because, at least in part, Trammell's actions towards B.L. on December 1, 2014.

27.     In contemplating this recommendation, the District's superintendent noted that Trammell had been counseled on multiple occasions that Trammell's interactions with Caledonia staff, parents, and students had been unprofessional.

28.      More specifically, less than a month before the assault incident, a Title IX compliance officer Investigative Findings Report indicated that Trammell had created an intimidating and hostile work environment in the form of unwelcome verbal conduct and harassment towards a teacher at Caledonia.

29.     The same report indicated that Trammell's actions violated Board of Education policies and warranted discipline.

30.     Despite the District's and Board's prior knowledge of Trammell's dubious conduct and behavior, the District and Board did not take any action to terminate Trammell until after Trammell assaulted B.L.

31.     Upon information and belief, Trammell was terminated from her employment with the district in January 2015.

32.     Upon information and belief, there does not appear to be any public record pertaining to Trammell's separation of employment from the District.

## COUNT I
## BATTERY

33.     B.L. repeats and alleges paragraphs 1-32 as though fully set forth herein.

34.     On December 1, 2014, Trammell forcibly, and without consent, dragged and kicked B.L.

35.     Trammell maliciously intended to cause harmful and offensive contact to B.L.

36.     In intending to cause harmful and offensive contact to B.L., Trammell did harmfully and maliciously contact B.L.

37.     B.L. has suffered damages as a direct and proximate cause of this willful, harmful contact.

## COUNT II
## ASSAULT

38.     B.L. repeats and alleges paragraphs 1 through 37 as though fully set forth herein.

39.     In the alternative, on December 1, 2014, Trammell willfully threatened or attempted to harm T.R.

40.     As a result of Trammell's aggressive and menacing behavior, her conduct reasonably placed B.L. in fear of being in physical harm.

41.     Trammell's threats and/or attempts to harm were coupled with a definitive act directed towards B.L.

42.     The intentional, malicious conduct of Trammell induced in B.L. apprehension of bodily harm.

43.     B.L. has suffered damages as a direct and proximate result of Trammell's conduct.

## COUNT III
## SUBSTANTIVE DUE PROCESS VIOLATION OF §1983

44.     Plaintiff repeats and alleges paragraphs 1 through 43 as if fully rewritten herein.

45.     The District, Board, and Trammell were acting under the color of state law at all times described herein.

46.     As described in the District's and Board's December 18, 2014, letter to Trammell, on multiple occasions Trammell had engaged in unprofessional behavior towards students.

47.     This repeated unprofessional behavior towards B.L. and other students shows the existence of a clear and persistent pattern of hostile actions.

48.     The District and Board had, at a minimum, constructive notice, if not actual notice, of Trammell's pattern of misbehavior.

49.     The District's and Board's failure to take any action with respect to Trammell amounts to an official policy or custom of inaction.

50.     The District's and Board's custom and policy was the direct and proximate cause of the deprivation of T.R.'s constitutional rights under the Fourteenth Amendment to the United States Constitution.

## COUNT IV
## VIOLATION OF §1983

51.     B.L. repeats and alleges paragraphs 1 through 50 as if fully rewritten herein.

52.     Trammell was acting under the color of state law at all times described herein.

53.     Trammell's conduct on December 1, 2014, towards B.L. was excessive, disproportionate, and unreasonable.

54.     Trammell's conduct on December 1, 2014, towards B.L. deprived him of his Constitutional right to be free from state intrusion and excessive force.

55.     As a direct and proximate result of Trammell's actions on December 1, 2014, B.L. suffered a deprivation of his constitutional rights under the Fourteenth Amendment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants accordingly:

A.)     <u>Count I – Battery:</u> The Court grants judgment in Plaintiff's favor and against Kimberly Trammell for an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole.

B.)     <u>Count II – Assault:</u> The Court grants judgment in Plaintiff's favor and against Kimberly Trammell for an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole.

C.)     <u>Count III – Violation of §1983:</u> The Court grants judgment in Plaintiff's favor and against the District and Board, jointly and severally, for an amount to be determined at trial, plus statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole.

D.)     <u>Count IV – Violation of §1983:</u> The Court grants judgment in Plaintiff's favor and against Kimberly Trammell for an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole.

E.)     For any other relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial for all triable causes of action.

Respectfully submitted,

/s/ David L. Harvey III
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
JASON T. HARTZELL (0092458)
Harvey Abens Iosue Co. LPA
3404 Lorain Avenue

7

Cleveland, OH 44113
Phone: (216)651-0256
Fax: (216)651-1131
Dvdharv@harvlaw.com
Mbabens@harvlaw.com
Jhartzell@harvlaw.com

Attorneys for Plaintiffs